**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cory Lamont Sparkman, Appellant.

Appellate Case No. 2018-000172

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-212
Submitted June 1, 2020 – Filed July 8, 2020

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:** Cory Lamont Sparkman appeals from his convictions for two counts of murder and one count of armed robbery, arguing the trial court erred in (1) denying his request for resentencing where he received a mandatory sentence of life imprisonment with the possibility of parole, and (2) denying him an opportunity to present or proffer evidence regarding the parole board's decision-making process.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Finley*, 427 S.C. 419, 427-28, 831 S.E.2d 158, 162-63 (2019) (holding that because Finley's life sentence afforded him parole eligibility after the service of 30 years' imprisonment, any potential Eighth Amendment violation was cured, and the circuit court did not err in denying Finley's motion for resentencing); *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006))); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (quoting *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265)).

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.